1
2
3
4              UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6

7   LEON L. MEYERS,                          Case No.  22-cv-02266-HSG
8                  Petitioner,               **ORDER OF DISMISSAL**
9         v.
10  KEN CLARK,
11                 Respondent.
12

13          Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to

14  28 U.S.C. § 2254 by petitioner Leon L. Meyers, challenging the validity of his state court

15  sentence.  Dkt. No. 1.  Petitioner has paid the filing fee.  Dkt. No. 4.  The habeas petition is now

16  before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing

17  Section 2254 Cases.  For the reasons set forth below, the petition is DISMISSED as second or

18  successive.

19                                    **BACKGROUND**

20          According to the petition, on December 18, 2009, Petitioner was sentenced in Alameda

21  County Superior Court to thirty-three years to life for assault with a deadly weapon on a police

22  officer (Cal. Penal Code § 245(c)), battery on a person with whom Petitioner had a dating

23  relationship (Cal. Penal Code § 243(e)(1)), and resisting a police officer resulting in serious bodily

24  injury (Cal. Penal Code § 148.10).  Dkt. No. 1 at 2.

25                                    **DISCUSSION**

26          This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

27  custody pursuant to the judgment of a State court only on the ground that he is in custody in

28  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A

United States District Court
Northern District of California

United States District Court
Northern District of California

1  district court considering an application for a writ of habeas corpus shall "award the writ or issue

2  an order directing the respondent to show cause why the writ should not be granted, unless it

3  appears from the application that the applicant or person detained is not entitled thereto."  28

4  U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are

5  vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*,

6  908 F.2d 490, 491 (9th Cir.1990).  For the reasons set forth below, the Court dismisses this

7  petition as second or successive.

8  **I.      Legal Standard**

9          A federal habeas petition is "second or successive" within the meaning of § 2244 "if the

10  facts underlying the claim occurred by the time of the initial petition, [] and if the petition

11  challenges the same state court judgment as the initial petition."  *Brown v. Muniz*, 889 F.3d 661,

12  667 (9th Cir. 2018) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007), and *Magwood v.*

13  *Patterson*, 561 U.S. 320, 333 (2010)); *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008)

14  (habeas petition second or successive if raises claims that were or could have been adjudicated on

15  merits in prior petition).  A petitioner's subsequent petition challenging claims that were

16  unexhausted at the time he filed his first petition should be considered "second or successive."

17  *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that district court lacked jurisdiction to

18  review petitioner's second habeas corpus petition upon finding that there was no basis for

19  supposing, as Ninth Circuit did, that petitioner who elected to proceed to adjudication of his

20  exhausted claims regarding his conviction in initial petition while appeal on his resentencing was

21  still pending might later assert that subsequent petition on his sentencing claims was not "second

22  or successive").

23          "A claim presented in a second or successive habeas corpus application under section 2254

24  that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  "A claim

25  presented in a second or successive habeas corpus application under section 2254 that was not

26  presented in a prior application shall be dismissed" unless,

27              (A) the applicant shows that the claim relies on a new rule of
                constitutional law, made retroactive to cases on collateral review by
28              the Supreme Court, that was previously unavailable; or

2

1

2
       (B)      (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

3

4

5
               (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

6   28 U.S.C. § 2244(b)(2).  Even if a petitioner can demonstrate that he qualifies for one of these

7   exceptions, he must seek authorization from the court of appeals before filing his new petition

8   with the district court.  28 U.S.C. § 2244(b)(3) ("Before a second or successive application

9   permitted by this section is filed in the district court, the applicant shall move in the appropriate

10  court of appeals for an order authorizing the district court to consider the application.").  The

11  district court is "without power" to entertain a second or successive petition unless the petitioner

12  first receives authorization from the court of appeals.  *Chades v. Hill*, 976 F.3d 1055, 1056-57 (9th

13  Cir. 2020).

14  **II.    Analysis**

15        Petitioner has filed a prior petition challenging this conviction and sentence, *Meyers v.*

16  *Hedgpeth*, No. C 11-cv-5327 TEH (PR) ("*Meyers I*").  *Meyers I* was filed on or about November

17  2, 2011.  The operative *Meyers I* petition raised 54 claims.  *Meyers I*, Dkt. Nos. 26, 29, 52, 60.  44

18  of the 54 claims were dismissed for failure to exhaust state court remedies as required by 28

19  U.S.C. § 2254(b)-(c).  Dkt. No. 65.  The remaining 10 claims were ultimately denied on the merits

20  and judgment was entered in favor of Respondent.  *Meyers I*, Dkt. Nos. 86, 87.  Petitioner

21  appealed.  *Murray I*, Dkt. No. 89, 106.  That appeal is now closed, the Ninth Circuit having

22  declined to issue a Certificate of Appealability, finding that the *Meyers I* petition failed to state

23  any federal constitutional claims debatable among jurists of reason.  *Murray I*, Dkt. No. 111.

24        The instant petition raises the following claim.  Petitioner's due process rights were

25  violated because the state courts failed to follow their own procedures when they denied his

26  motion for disqualification pursuant to Cal. Civ. Proc. § 170.1 and his petition for a writ of

27  mandamus.  *See generally* Dkt. No. 1.  Petitioner likely knew of these claims in 2010 to 2011.

28  The state appellate court rejected Petitioner's *pro se* motion for disqualification on April 28, 2010

United States District Court
Northern District of California

United States District Court
Northern District of California

1    on the grounds that he was represented by court-appointed counsel.  *Meyers I*, Dkt. No. 54-2 at 79.

2    The Court presumes that the California Supreme Court denied Petitioner's appeal of this denial

3    within a year thereafter.

4         This petition is "second or successive" within the meaning of § 2244 because (1) the facts

5    underlying the claims occurred in or around 2010 through 2011 and *Meyers I* was filed after these

6    facts occurred and (2) this petition challenges the same state court judgment as challenged in

7    *Meyers I*.  *Brown*, 889 F.3d at 667; *Magwood*, 561 U.S. at 333.  Plaintiff has not specified whether

8    he previously raised his claims in *Meyers I* and the Court will not pore through the operative

9    petition in *Meyers I* and try to determine if one of Petitioner's 54 claims in *Meyers I* raised the

10   claims raised here.  Regardless, these claims must be dismissed as second or successive.

11        If these claims were presented in *Meyers I*, they must be dismissed pursuant to 28 U.S.C.

12   § 2244(b)(1).  28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas

13   corpus application under section 2254 that was presented in a prior application shall be

14   dismissed.").  If these claims were not presented in *Meyers I*, because these claims were known to

15   Petitioner at the time that *Meyers I* was filed, these claims must also be dismissed because they are

16   not based on a new rule of constitutional law, made retroactive to cases on collateral review by the

17   Supreme Court, that was previously unavailable; the factual predicate of these claims was known

18   to Petitioner previously; and these claims allege procedural or legal error and would not establish

19   by clear and convincing evidence that no reasonable factfinder would have found Petitioner guilty

20   of the charged crimes.  Finally, even if these claims were unexhausted at the time that *Meyers I*

21   was filed, this petition remains second or successive because Petitioner proceeded with the

22   exhausted claims in *Meyers I*.  *See Burton*, 549 U.S. at 153 (where petitioner withdraws mixed

23   petition, exhausts remaining claims, and returns to district court with fully exhausted petition, this

24   later-filed petition is not second or successive, but if petitioner proceeded on exhausted claims in

25   mixed petition and receives adjudication on merits, later-filed petitions raising new claims or

26   raising claims unexhausted at time of initial petition may be dismissed as second or successive).[1]

27

28   _____
     [1] The Court further notes that this petition fails to state cognizable claims for federal habeas relief.
     Petitioner has alleged that the state courts failed to follow state court procedural rules.  Generally

1   Petitioner has not shown that he has received authorization from the Court of Appeals

2   authorizing the district court to consider this second or successive petition.  *See* 28 U.S.C. §

3   2244(b)(3)(A).  Accordingly, this petition must be dismissed.  *Id.*

4                                    **CONCLUSION**

5   The petition is DISMISSED as second or successive, and for failure to obtain authorization

6   from the Court of Appeals authorizing the district court to consider this second or successive

7   petition.  A certificate of appealability will not issue.  Petitioner has not shown "that jurists of

8   reason would find it debatable whether the petition states a valid claim of the denial of a

9   constitutional right and that jurists of reason would find it debatable whether the district court was

10  correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

11  **IT IS SO ORDERED.**

12  Dated:6/14/2022

13

14  HAYWOOD S. GILLIAM, JR.
    United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

    speaking, violations of state law, without more, do not state a denial of due process or a
    cognizable claim for federal habeas relief.  *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011); *see*

28  *also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner may not "transform a state-
    law issue into a federal one merely by asserting a violation of due process").

United States District Court
Northern District of California